ROBERT M. ACORN, A. K. ANDERSON, SAM B. ANDREWS, C.
PHILIP AVERY, JR., FRANK H. BAUERSCHMIDT, FRANK S.
BODDIE, JR., T. FRANK BOOTH, FORREST W. BROWN, JR.,
CARL R. BRUNO, GEORGE D. CARAWAY, JOHN K. CLARK,
BILLY CLODFELTER, THOMAS S. COYNE, JR., THOMAS J.
CRIBBIN, M. T. DANIEL, FRED G. EICHHORN, CHARLES L.
EZELL III, WILLIAM C. FERGUSON, EMMETT G. FRIZZELL,
CLARENCE C. GUY, OBA T. HANNA, JR., ARTHUR F. M. HAR-
RIS, BYRON P. HARRIS, GEORGE D. HARRIS, SAMUEL R.
HENDERSON, STERLING L. HUDSON, JOHNNIE W. INMAN,
C. FOSTER JENNINGS, M. ALBERT JOHNSON, JOSEPH S.
KIRCHHEIMER, JULIAN C. KNOTT, HARRY L. LAING, M. ROSS
LANE, ROBERT E. LEECH, RICHARD H. LLEWELLYN, GEORGE
F. McKNIGHT, MILDRED MASHBURN, JOHN L. MATHEWS,
BILLY MITTELSTADT, CHRISTOPHER J. MORAN, JAMES D.
MOULTON, JAMES H. MULLER, JAMES C. NEILL, PAUL R.
OKEN, RAYMOND B. PEARCE, ROBERT C. PEERY, A. MARVIN
PERRIN, CLAUDE F. PHILLIPS, WILLIAM G. PORTERFIELD,
JOHN R. PUGH, O. KENNETH SPAINHOUR, IRVIN R. SQUIRES,
WILLIAM H. STONE, JR., MICHAEL J. SULLIVAN, C. ROBERT
SURRATT, GORREL L. TATE, WILLIAM H. TERRY, JESSE W.
TURNER, WILLIAM H. WESTPHAL, A PARTNERSHIP DOING BUSINESS
AS A. M. PULLEN & COMPANY, CERTIFIED PUBLIC ACCOUNTANTS,
PLAINTIFFS v. JONES KNITTING CORPORATION, DEFENDANT

No. 7112SC308

(Filed 18 August 1971)

1. **Appeal and Error § 6— interlocutory order — denial of motion to
   dismiss and to stay**

   No right of immediate appeal lies from an interlocutory order
   denying defendant's motion to dismiss because of a prior action pending
   between the parties in another jurisdiction and denying defendant's
   motion to stay pending disposition of the other action. Court of Appeals
   Rule No. 4.

2. **Abatement and Revival § 3— prior action between same parties**

   The pendency of a prior action between the same parties for the
   same cause of action in a State court of competent jurisdiction works
   an abatement of a subsequent action in the same court or in another
   court of this State having jurisdiction, but the prior action must be
   pending in a court of this State.

3. **Abatement and Revival § 3— stay to permit trial in foreign jurisdiction**

   The trial judge, on motion, may enter an order staying the pro-
   ceedings in this State to permit trial in a foreign jurisdiction upon
   finding that it would work a substantial injustice for the action to be
   tried in a court of this State; if such motion is denied, the movant
   may seek a review by a writ of *certiorari*. G.S. 1-75.12 (a) and (c).

Acorn v. Knitting Corp.

APPEAL from *Bailey, Judge,* 15 February 1971 Civil Session, CUMBERLAND Superior Court.

This action, in which plaintiffs seek to recover amounts allegedly due them by defendant for professional services rendered in Lumberton, was begun in the Superior Court of Cumberland County on 19 February 1970. On motion of defendant, the Clerk ordered the action removed to the United States District Court for the Eastern District of North Carolina. On motion of plaintiffs in the Federal District Court, the action was remanded to the Superior Court of Cumberland County for that there was no diversity of citizenship upon which to base jurisdiction. In the Superior Court defendant filed three motions: One asking for dismissal for failure to join indispensable parties, one asking for dismissal because of a prior action pending in the United States District Court for the Southern District of New York, and one asking for the entry of an order staying proceedings in the Superior Court of Cumberland County pending the disposition of the New York action. All three motions were denied, and defendant appealed. Defendant also filed a petition for *certiorari* raising identical questions.

*McLendon, Brim, Brooks, Pierce and Daniels, by Claude C. Pierce; Jordan, Wright, Nichols, Caffrey and Hill, by Welch Jordan; and Anderson, Nimocks and Broadfoot, by Henry L. Anderson, Jr., for plaintiff appellees.*

*Smith, Moore, Smith, Schell and Hunter, by Martin N. Erwin, for defendant appellant.*

MORRIS, Judge.

On appeal defendant states that at oral argument plaintiffs presented an affidavit representing that all partners of A. M. Pullen and Company have been named as plaintiffs in this action and that defendant is unable to refute this affidavit. Therefore, defendant states that it "withdraws its motion to dismiss for failure to join necessary and indispensable parties."

[1] Plaintiffs have filed a written motion in this Court that the appeal be dismissed for that the order entered by Judge Bailey denying defendant's motion to dismiss and motion to stay is an interlocutory order from which no right of immediate appeal lies. Plaintiff's position is well taken.

Rule 4, Rules of Practice in the Court of Appeals of North Carolina, provides: "The Court of Appeals will not entertain an appeal: From the ruling on an interlocutory motion, unless provided for elsewhere. Any interested party may enter an exception to the ruling on the motion and present the question thus raised to this Court on the final appeal; provided, that when any interested party conceives that he will suffer substantial harm from the ruling on the motion, unless the ruling is reviewed by this Court prior to the trial of the cause on its merits, he may petition this Court for a writ of *certiorari* within thirty days from the date of the entry of the order ruling on the motion."

"No appeal lies from a refusal to dismiss an action." *Johnson v. Insurance Co.*, 215 N.C. 120, 122, 1 S.E. 2d 381 (1939). As was pointed out by Chief Justice Stacy in that case, if the motion had been allowed and the action dismissed, plaintiff would have a right of immediate appeal, because further proceedings would have been precluded by the order. The Court, citing the statute permitting appeals, then C.S. 638, now G.S. 1-277, noted that "It is only when the judgment or order appealed from in the course of the action puts an end to it, or may put an end to it, or has the effect to deprive the party complaining of some substantial right, or will seriously impair such right if the error shall not be corrected at once, and before the final hearing, that an appeal lies before final judgment." As plaintiff points out, there does not exist any "substantial right" *not* to have an action tried in the courts of North Carolina. The right of access to the courts for the trial of an action is, of course, a substantial right.

[2, 3] The pendency of a prior action between the same parties for the same cause of action in a state court of competent jurisdiction does work an abatement of a subsequent action in the same court or in another court of this state having jurisdiction, but the prior action must be pending in a court of this state. 1 Strong, N.C. Index 2d, Abatement and Revival § 3, and cases there cited. However, the trial judge, on motion, may enter an order staying the proceedings in this state to permit trial in a foreign jurisdiction if he shall find that it would work a substantial injustice for the action to be tried in a court of this state. G.S. 1-75.12(a). If such a motion is denied, "the movant may seek review by means of a writ of *certiorari* and

failure to do so shall constitute a waiver of any error the judge may have committed in denying the motion." G.S. 1-75.12(c).

Defendant did file petition for writ of *certiorari* but not within the 30-day period provided under Rule 4. The record reveals that defendant failed to show that it would work substantial injustice for this action to be tried in the courts of this state and Judge Bailey so found in his order denying the motion.

For the reasons set out herein, the appeal is dismissed and the petition for writ of *certiorari* is denied.

Judges BRITT and PARKER concur.