GENERAL MOTORS ACCEPTANCE CORPORATION v. STEVE FEDER

No. 7126DC678

(Filed 17 November 1971)

Appeal and Error § 6— denial of motion to dismiss — appeal from interlocutory order

> An order denying a motion to dismiss an action is an interlocutory order from which no immediate right of appeal lies.

APPEAL by defendant from *Stukes, District Judge,* 11 June 1971 Session of District Court held in MECKLENBURG County.

Plaintiff seeks in this action, and through the ancillary remedy of claim and delivery, to recover judgment for the amount allegedly owed by defendant under the terms of a condi-

tional sales contract, to obtain possession of an automobile which is the subject of the contract, and to have the automobile ordered sold and the proceeds applied to the judgment.

Before filing answer defendant filed a motion to dismiss in which he alleged that plaintiff had failed to state a claim upon which relief could be granted and that another action involving the same subject matter was pending between plaintiff and defendant at the time this action was instituted. Defendant's motion was denied and he appealed.

*Moore and Van Allen by George V. Hanna III for plaintiff appellee.*

*William D. McNaull, Jr., for defendant appellant.*

GRAHAM, Judge.

Plaintiff has filed a written motion in this court asking that defendant's appeal be dismissed on the ground the order appealed from is an interlocutory order from which no immediate right of appeal lies.

Rule 4, Rules of Practice in the Court of Appeals of North Carolina, as amended by the Supreme Court on 20 January 1971, provides:

"4. The Court of Appeals will not entertain an appeal:

From the ruling on an interlocutory motion, unless provided for elsewhere. Any interested party may enter an exception to the ruling on the motion and present the question thus raised to this Court on the final appeal; provided, that when any interested party conceives that he will suffer substantial harm from the ruling on the motion, unless the ruling is reviewed by this Court prior to the trial of the cause on its merits, he may petition this Court for a writ of certiorari within thirty days from the date of the entry of the order ruling on the motion."

An order denying a motion to dismiss an action is an interlocutory order from which no immediate right of appeal lies. *Johnson v. Insurance Co.*, 215 N.C. 120, 1 S.E. 2d 381; *Acorn v. Knitting Corp.*, 12 N.C. App. 266, 182 S.E. 2d 862. Plaintiff has not petitioned for a writ of certiorari nor has he attempted to show that the order in question affects a substantial right. See G.S. 1-277.

The order entered denying defendant's motion to dismiss this action is an interlocutory order and plaintiff's motion to dismiss defendant's appeal from the order is allowed.

We have nevertheless reviewed the record and are of the opinion the trial court did not err in denying defendant's motion to dismiss.

Appeal dismissed.

Chief Judge MALLARD and Judge HEDRICK concur.