BUELL THOMAS ALLEN v. WACHOVIA BANK AND TRUST COMPANY, N.A., ROBERT WALLACE HOWARD AND J. REID HOOPER

No. 773SC199

(Filed 7 February 1978)

1. **Appeal and Error § 6.2— order refusing to dismiss action—interlocutory order—no appeal**

     Order of the trial court refusing to dismiss plaintiff's action is an interlocutory order from which no right of immediate appeal lies.

2. **Abatement and Revival § 3; Rules of Civil Procedure § 52— motion to stay—failure to find facts—no request for findings—motion properly granted**

     The trial court did not abuse its discretion in allowing plaintiff's motion to stay the proceedings, though the trial court did not find that it would work a substantial injustice for the action to be tried by the court and that some other jurisdiction provided a convenient, reasonable and fair place of trial, since, absent a request for findings of fact to support his decision on a motion, the judge is not required to find facts, G.S. 1A-1, Rule 52(a)(2), and it is presumed that the judge, upon proper evidence, found facts to support the judgment.

APPEAL by defendants from *Ervin, Judge.* Order entered 28 January 1977, in Superior Court, PITT County. Heard in the Court of Appeals 16 January 1978.

On 16 July 1976, plaintiff, a former employee of defendant Wachovia Bank and Trust Company, N.A. (hereinafter Wachovia), brought suit in United States District Court for the Eastern

District of North Carolina against Wachovia and two of its officers, Robert Wallace Howard and J. Reid Hooper. He alleged that he was wrongfully discharged from employment with Wachovia and he set forth three claims for relief: (1) slander and libel; (2) violation of the Federal Employee Retirement Income Security Act of 1974 (ERISA), and (3) malicious prosecution and false imprisonment. On 10 August 1976, plaintiff brought a similar action against the same defendants in Superior Court of Pitt County.

In the State action, defendants filed alternative motions: (1) to dismiss plaintiff's action pursuant to G.S. 1A-1, Rule 12(b)(6) on grounds that plaintiff's prior action in federal district court abated the state court action; (2) to dismiss, pursuant to G.S. 1A-1, Rule 12(b)(1), plaintiff's second claim on grounds that the federal district courts have exclusive original jurisdiction over actions arising under ERISA; (3) to dismiss, pursuant to G.S. 1A-1, Rule 12(b)(6), plaintiff's second and third claims. Plaintiff, pursuant to G.S. 1-75.12, made a motion to stay the proceedings in Pitt Superior Court and noted that these proceedings were brought in order to protect plaintiff from the running of the statute of limitations in the event the federal action should be dismissed for lack of jurisdiction.

In its order of 28 January 1977, the trial court denied defendants' motions for dismissal, allowed plaintiff's motion to stay the proceeding, and ordered that defendants' motions pursuant to G.S. 1A-1, Rule 12(b)(1) and (6) be reserved until time of trial. Defendants excepted and appealed.

*Howard, Vincent & Duffus, by Malcolm J. Howard, for plaintiff appellee.*

*Smith, Anderson, Blount & Mitchell, by James D. Blount, Jr. and Michael E. Weddington, for defendant appellants.*

ARNOLD, Judge.

[1] Defendants' first and third assignments of error, that the court erred by failing to dismiss this action on grounds of a prior pending action and by failing to rule on defendants' alternative motions to dismiss, are subject to dismissal by this Court. The order of the trial court refusing to dismiss is an interlocutory order from which no right of immediate appeal lies. *See Acorn v.*

*Knitting Corp.*, 12 N.C. App. 266, 182 S.E. 2d 862, *cert. denied* 279 N.C. 511, 183 S.E. 2d 686 (1971), which, while interpreting the prior Court of Appeals Rule No. 4, is still good law and is followed by this Court.

[2] Defendants' other argument, that it was improper and erroneous for the trial court to grant plaintiff's motion for a stay of the proceedings, is not well taken. G.S. 1-75.12(a) states:

"If, in any action pending in any court of this State, the judge shall find that it would work substantial injustice for the action to be tried in a court of this State, the judge on motion of any party may enter an order to stay further proceedings in the action in this State. A moving party under this subsection must stipulate his consent to suit in another jurisdiction found by the judge to provide a convenient, reasonable and fair place of trial."

Defendants argue that the trial court abused its discretion in staying the proceedings without finding (1) that it would work substantial injustice and (2) that some other jurisdiction provides "a convenient, reasonable and fair place of trial." However, absent a request for findings of fact to support his decision on a motion, the judge is not required to find facts, G.S. 1A-1, Rule 52(a)(2), and it is "presumed that the Judge, upon proper evidence, found facts to support this judgment." *Haiduven v. Cooper*, 23 N.C. App. 67, 208 S.E. 2d 223 (1974). *See also Williams v. Bray*, 273 N.C. 198, 159 S.E. 2d 556 (1968). We can, therefore, find no abuse of the trial court's discretion.

Dismissed in part and affirmed in part.

Judges PARKER and MARTIN concur.