MOTOR INN MANAGEMENT, INC. v. IRVIN-FULLER DEVELOPMENT CO., INC.

No. 7912SC1002

(Filed 20 May 1980)

1. **Appeal and Error § 3— constitutional question not raised at trial—no consideration on appeal**

    The appellate courts will not pass upon a constitutional question unless it affirmatively appears that the question was raised and passed upon in the trial court.

2. **Abatement and Revival § 3— N. C. court inconvenient forum—motion to stay properly granted**

    The trial court's findings of fact were sufficient to support its order staying further proceedings in this action to permit a trial of the cause in S. C. where the court found that plaintiff was an N. C. corporation and defendant was an S. C. corporation; the action was for breach of a management contract between the parties in which plaintiff agreed to perform management and supervisory services for defendant in the operation of a hotel in S. C. owned by defendant; the contract provided that it was made in S. C. and was to be construed and interpreted in accordance with the laws of S. C.; although defendant had not filed answer, counsel intended to file a counterclaim based on plaintiff's alleged failure to provide the services it was obligated to perform under the contract; the principal witnesses defendant proposed to call, sixty-nine in number, were primarily residents of S. C. engaged in various professions, government employment, or firms other than defendant or plaintiff and not subject to the subpoena powers of the N. C. courts; the cost of obtaining

witnesses would be unduly or intolerably burdensome for defendant; plaintiff planned to call nine witnesses, eight of whom resided in N. C. and one of whom resided in S. C.; all of the nine were or had been employed by plaintiff; there was no other action pending between the parties; defendant stipulated and consented to trial of the action in S. C. with plaintiff remaining as plaintiff in any action brought in S. C.; and defendant waived any defense of the statute of limitations.

**3. Abatement and Revival § 3— forum non conveniens—facts determining applicability**

The doctrine of *forum non conveniens* should be applied with flexibility depending upon the facts and circumstances of each case, with the view of achieving substantial justice between the parties, and relevant facts, among others, that may be considered are: convenience and access to another forum; nature of case involved; relief sought; applicable law; possibility of jury view; convenience of witnesses; availability of compulsory process to produce witnesses; cost of obtaining attendance of witnesses; relative ease of access to sources of proof; enforceability of judgment; burden of litigating matters not of local concern; desirability of litigating matters of local concern in local courts; choice of forum by plaintiff; all other practical considerations which would make the trial easy, expeditious and inexpensive.

APPEAL by plaintiff from *Canaday, Judge*. Order entered 9 July 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 17 April 1980.

Plaintiff, a North Carolina corporation, commenced this action against defendant for an alleged breach of a management contract between it and defendant. In this contract plaintiff agreed to perform certain management and supervisory services for defendant in the operation of the Carolina Inn, a hotel complex owned by defendant in Columbia, South Carolina. Plaintiff contends that defendant discharged plaintiff without cause and prevented plaintiff from further performance of its obligations under the contract, resulting in damages to plaintiff.

Defendant moved to dismiss for improper service and lack of jurisdiction over defendant. Upon the denial of this motion by the court, defendant filed a written motion pursuant to N.C.G.S. 1-75.12(a) for a stay of further proceedings in this action to permit a trial of this cause in South Carolina. Defendant alleged it would result in substantial injustice if the action were tried in North Carolina. Both parties filed affidavits and the court conducted two hearings on the motion to stay and thereupon entered order making findings of fact and conclusions of law and ordering the action

---

---

stayed to permit the trial of the cause in South Carolina. Plaintiff excepts to the signing and entering of the order and appeals to this Court.

*McCoy, Weaver, Wiggins, Cleveland & Raper, by John E. Raper, Jr. and Reginald M. Barton, Jr., for plaintiff appellant.*

*Anderson, Broadfoot and Anderson, by Henry L. Anderson, for defendant appellee.*

MARTIN (Harry C.), Judge.

This appeal requires the construction of N.C.G.S. 1-75.12(a) under the facts and circumstances of this case. The statute follows:

> *Stay of proceeding to permit trial in a foreign jurisdiction.* — (a) When Stay May be Granted. — If, in any action pending in any court of this State, the judge shall find that it would work substantial injustice for the action to be tried in a court of this State, the judge on motion of any party may enter an order to stay further proceedings in the action in this State. A moving party under this subsection must stipulate his consent to suit in another jurisdiction found by the judge to provide a convenient, reasonable and fair place of trial.
>
> . . . .
>
> (c) Review of Rulings on Motion. — Whenever a motion for a stay made pursuant to subsection (a) above is granted, any nonmoving party shall have the right of immediate appeal.

[1] Plaintiff first contends the statute violates Article I, Section 18, of the North Carolina Constitution:

> *Courts shall be open.* All courts shall be open; every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial, or delay.

Plaintiff argues it is a "person" within the meaning of the section and has a right to have its claims tried in the courts of North

Carolina. However, we are not required to construe this section of the constitution, which is now a popular pastime in North Carolina, because it does not affirmatively appear from the record on appeal that this question was presented to or passed upon in the superior court. The appellate courts will not pass upon a constitutional question unless it affirmatively appears that the question was raised and passed upon in the trial court. *City of Durham v. Manson*, 285 N.C. 741, 208 S.E. 2d 662 (1974); *Wilcox v. Highway Comm.*, 279 N.C. 185, 181 S.E. 2d 435 (1971); *Boehm v. Board of Podiatry Examiners*, 41 N.C. App. 567, 255 S.E. 2d 328, *cert. denied*, 298 N.C. 294, 259 S.E. 2d 298 (1979). This is in accord with decisions of the Supreme Court of the United States. *Edelman v. California*, 344 U.S. 357, 97 L. Ed. 387 (1953). Appellant contended at oral argument that the constitutional question was presented to the trial court. Nevertheless, we are bound by the record on appeal. *Rogers v. Rogers*, 265 N.C. 386, 144 S.E. 2d 48 (1965); *In re Sale of Land of Warrick*, 1 N.C. App. 387, 161 S.E. 2d 630 (1968). Appellant has the duty to see that the record on appeal is properly made up. *State v. Stubbs*, 265 N.C. 420, 144 S.E. 2d 262 (1965); *State v. Byrd*, 4 N.C. App. 672, 167 S.E. 2d 522 (1969). The record fails to show that the constitutional question was presented to and passed upon by the trial court; therefore, it is not properly before us.

[2]   We are left with the question whether the court's findings of fact and conclusions of law support the order staying the proceedings in this action. Plaintiff did not except to any of the findings of fact or conclusions of law found by the court. Where findings of fact are not challenged by exceptions in the record, they are presumed to be supported by competent evidence and are binding upon appeal. *Phillips v. Alston*, 257 N.C. 255, 125 S.E. 2d 580 (1962); *Jackson v. Collins*, 9 N.C. App. 548, 176 S.E. 2d 878 (1970). There remains for determination the issue whether the facts found support the judgment and whether error of law appears on the face of the judgment. *Brown v. Board of Education*, 269 N.C. 667, 153 S.E. 2d 335 (1967); *Durland v. Peters, Comr. of Motor Vehicles*, 42 N.C. App. 25, 255 S.E. 2d 650 (1979).

The court found as facts that plaintiff is a North Carolina corporation with its principal place of business in Cumberland County, North Carolina, and defendant is a South Carolina corporation with its principal place of business in South Carolina, not authorized to do business in North Carolina. This action is for

breach of a management contract between plaintiff and defendant, in which plaintiff agreed to perform management and supervisory services for defendant in the operation of the Carolina Inn, owned by defendant in Columbia, South Carolina. The contract provided that it was made in South Carolina and was to be construed and interpreted in accordance with the laws of South Carolina. Although defendant has not filed answer, counsel intend to file a counterclaim based on plaintiff's alleged failure to provide the services it was obligated to perform under the contract. The principal witnesses defendant proposes to call, sixty-nine in number, are primarily residents of South Carolina engaged in various professions, government employment, or firms other than defendant or plaintiff and not subject to the subpoena powers of the North Carolina courts and the cost of obtaining witnesses would be unduly or intolerably burdensome for defendant. Plaintiff plans to call nine witnesses, eight who reside in North Carolina and one in South Carolina, all of whom are or have been employed by plaintiff. There is no other action pending between the parties and defendant has stipulated and consented to the trial of this action in South Carolina[1] and has waived any defense of the statute of limitations.

Upon these facts the court made the conclusion of law that it would work a substantial injustice to defendant for the action to be tried in North Carolina and that South Carolina is the proper place for trial of the action on its merits.

This Court held in *Acorn v. Knitting Corp.*, 12 N.C. App. 266, 182 S.E. 2d 862, *cert. denied*, 279 N.C. 511, 183 S.E. 2d 686 (1971), that the trial court could enter a stay pursuant to N.C.G.S. 1-75.12(a) upon a finding that it would work a substantial injustice for the action to be tried in North Carolina. The entry of an order under N.C.G.S. 1-75.12(a) is a matter within the sound discretion of the trial judge. *Allen v. Trust Co.*, 35 N.C. App. 267, 241 S.E. 2d 123 (1978). It appears these are the only North Carolina cases involving this statute.

Looking to other sources, we find some assistance in interpreting our statute. With respect to the Wisconsin statute which

---

1. In oral argument, counsel for defendant stipulated that plaintiff would be entitled to remain as the plaintiff in any action between the parties brought in South Carolina on the contract.

was the first statute of this type enacted, the Supreme Court of Wisconsin stated:

> The general purpose of the law is discussed by Professor G. W. Foster, Jr., of the University of Wisconsin Law School, who served as the reporter for the Judicial Council in the preparation of the revisions to ch. 262, Stats. In reference to sec. 262.19, he states in the revision notes to 30 Wis. Stats. Annot. (1972 pocket parts):

>> "This section is new. Its purpose is to permit trial of a cause in another state upon a convincing showing that trial of the cause in Wisconsin is so inconvenient that substantial injustice is likely to result. . . ."

> . . . .

> Dean Robert Leflar points out that *forum non conveniens* is a necessary response to the expanding basis for *in personam* jurisdiction and the proliferation of "long-arm statutes," which make it likely that courts will be faced with imported lawsuits having little or no connection with the forum. He recommends that courts have discretion to refuse to hear such transient lawsuits and to require the parties to litigate their differences in a more convenient forum. . . .

> The doctrinal background of *forum non conveniens* is discussed by Ehrenzweig and Louisell in *Jurisdiction in a Nutshell* (2d ed. 1968). They point out that the doctrine is invoked when a court has unquestioned jurisdiction but, for policy reasons, declines to exercise it. The text points out, at page 84, citing *Goodwine v. Superior Court* (1965), 63 Cal. 2d 481, 485, 47 Cal. Rptr. 201, 203, 204, 407 Pac. 2d 1, 4, that:

>> "In determining the applicability of the doctrine, the court must consider the public interest as well as the private interests of the litigants. The court must consider such factors as the ease of access of proof, the availability and cost of obtaining witnesses, the possibility of harassment of the defendant in litigating in an inconvenient forum, the enforceability of the judgment, the burden on the community in litigating matters not of local concern, and the desirability of litigating local matters in local courts."

*Littmann v. Littmann,* 57 Wis. 2d 238, 245-46, 203 N.W. 2d 901, 905 (1973).

In New York, the court held the doctrine of *forum non conveniens* was developed to justify stay of cases where it is found, on balancing the interest and convenience of the parties, that the action could be better adjudicated in another forum. The application of the rule should turn upon considerations of justice, fairness and convenience. When it plainly appears that the initial forum is an inconvenient forum and that another is available which would better serve the ends of justice and the convenience of parties, a stay should be entered. *Silver v. Great Amer. Ins. Co.,* 29 N.Y. 2d 356, 328 N.Y.S. 2d 398, 278 N.E. 2d 619 (1972).

[3] We hold the doctrine of *forum non conveniens* should be applied with flexibility depending upon the facts and circumstances of each case, with the view of achieving substantial justice between the parties. Relevant facts, among others, that may be considered are: convenience and access to another forum; nature of case involved; relief sought; applicable law; possibility of jury view; convenience of witnesses; availability of compulsory process to produce witnesses; cost of obtaining attendance of witnesses; relative ease of access to sources of proof; enforceability of judgment; burden of litigating matters not of local concern; desirability of litigating matters of local concern in local courts; choice of forum by plaintiff; all other practical considerations which would make the trial easy, expeditious and inexpensive. These, and other factors, have been considered by other courts in making the determination of motions under such statutes. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 91 L.Ed. 1055 (1947); *Koster v. Lumbermens Mutual Co.,* 330 U.S. 518, 91 L.Ed. 1067 (1947); *Chavarria v. Superior Court,* 40 Cal. App. 3d 1073, 115 Cal. Rptr. 549 (1974); *Lear Siegler, Inc. v. Sargent Industries, Inc.,* Del. Super., 374 A. 2d 273 (1977); *Gore v. United States Steel Corp.,* 15 N.J. 301, 104 A. 2d 670, *cert. denied,* 348 U.S. 861, 99 L.Ed. 678 (1954); *Regal Knitwear Co., Inc. v. M. Hoffman & Co., Inc.,* 96 Misc. 2d 605, 409 N.Y.S. 2d 483 (1978).

In applying these rules to the instant case, we hold the facts found by the court support the conclusion that it would work a substantial injustice to defendant for this case to be tried in North Carolina and that the court of South Carolina is the proper,

convenient, reasonable and fair place for the trial of this action. No error of law appears on the face of the judgment. We find no abuse of the court's discretion in the entry of the order. It is, therefore,

Affirmed.

Judges VAUGHN and CLARK concur.