STAHL-RIDER, INC. v. STATE OF NORTH CAROLINA; NORTH CAROLI-
NA CENTRAL UNIVERSITY OF THE UNIVERSITY OF NORTH CARO-
LINA; W. EDWARD JENKINS; AND C.C. WOODS CONSTRUCTION COM-
PANY

No. 8010SC52

(Filed 19 August 1980)

1. **Appeal and Error § 6.6– action against State – denial of motion to dismiss –
   immediate appeal**

   An immediate appeal lies under G.S. 1-277(b) from the trial court's refus-
   al to dismiss a suit against the State on the grounds of governmental im-
   munity.

2. **State § 4– contract with State – action for breach of contract – motion to dismiss
   properly denied**

   In an action by a heating and air conditioning contractor to recover
   extra expenses and costs incurred in performing its contract with defend-
   ants, the trial court properly denied defendants' motion to dismiss for lack
   of subject matter and personal jurisdiction, since the provisions of G.S.
   143-135.3 clearly granted plaintiff the right to bring its action against the
   State, and plaintiff's allegation that it was entitled to damages contem-
   plated under the contract for breach of contract was sufficient to withstand
   defendants' motion to dismiss.

APPEAL by defendants from *Bailey, Judge.* Amended order
entered 20 November 1979 in Superior Court, WAKE County.
Heard in the Court of Appeals 4 June 1980.

Plaintiff brought this civil action, seeking to recover mone-
tary damages against defendants State of North Carolina and
North Carolina Central University (Central). The essential
allegations of the complaint are: On 30 April 1973, the plaintiff
domestic corporation entered into a contract with the State to
provide and install the heating and air conditioning systems in
the Communications Building to be constructed on the campus
of Central. The contract provided that plaintiff was to receive
the sum of $326,400 for its work. Attached to the complaint were
supplemental conditions, article 18 of which provided that all
contractors on the project were to complete their work no later
than 540 calendar days from 12 July 1973, the designated com-
mencement date of the project. Under the terms of the contract,
the project completion date was to have been 20 December 1974.
Serious and lengthy delays, unrelated to plaintiff's responsibi-

Stahl-Rider v. State

lities, occurred after the commencement date of the project, such that plaintiff was prevented from beginning its work inside the building until August 1974. Specifically, the complaint alleges:

> Because plaintiff was delayed and prevented from beginning to work inside the building until August 1974, and because, through no fault of its own, it was not able to complete its obligations until some time in the latter part of March, 1976, plaintiff incurred extra expenses and costs in the amount of $27,911.83 due to the fact that the project was not completed within the time stipulated by the contract.

Defendants' failure to provide a job site within a reasonable time after the commencement of the project constituted a breach of contract and caused plaintiff's loss and damage. Pursuant to the provisions of G.S. 143-135.3, plaintiff filed its claim for increased costs with the Department of Administration of the State of North Carolina. Upon denial of its claim by the Department, plaintiff appealed to the Secretary of Administration. After hearing, plaintiff's claim was again denied by the Department of Administration, following which plaintiff brought this action.

Defendants answered plaintiff's complaint, admitting the contract, but denying the validity of plaintiff's claim, and moved to dismiss pursuant to G.S. 1A-1, Rule 12(b)(1), (2), and (6) for lack of subject matter and personal jurisdiction and for failure to state a claim upon which relief could be granted. Following a hearing at which the trial court considered the pleadings, briefs of the parties, and arguments of counsel, an order was entered denying defendants' motions to dismiss. Defendants have appealed from that order.

*Johnson, Gamble & Shearon, by George G. Hearn, for the plaintiff appellee.*

*Attorney General Rufus L. Edmisten, by Associate Attorney Grayson G. Kelley, for the State.*

WELLS, Judge.

---

---

The sole exception preserved by defendants and presented in this appeal concerns whether the trial judge erred in denying their motions to dismiss for lack of jurisdiction over the subject matter and the person.

Plaintiff contends that the trial court's order denying defendants' motions to dismiss is interlocutory and therefore not appealable. The question of appealability of trial court orders and judgments has been the subject of a number of decisions of this Court and of our Supreme Court. In these decisions, we find a consistent thread of jurisprudential philosophy in opposition to allowing appeals from interlocutory orders or from judgments less than final. To paraphrase Justice Ervin and others speaking for our appellate courts, the basic message seems to be, 'if there is work left to be done at the trial level, let the matter lie there until the trial court has completed its task.' In this spirit, we must of course recognize that the trial court's denial of a motion to dismiss for lack of jurisdiction is clearly interlocutory, there having been no final disposition of the matter on its merits in any sense. Were we free to exercise our judgment in this case in the way we believe it ought to be exercised in the interest of a sound and consistent jurisprudential philosophy, we would not hesitate to hold in this case that defendants' appeal cannot lie. We are not free to do so, however, because we find that the legislature has directed us to allow such appeals.

G.S. 1-277 provides:

(a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

(b) Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause.

Since its first enactment in 1967, this section and G.S. 7A-27 have codified the rules as to the stage at which cases are appealable. There have been innumerable decisions of our appellate courts concerning rights of appeal pursuant to the provisions of current G.S. 1-277(a) and its predecessor sections in the Consolidated Statutes. *See, e.g., Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979); *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978); *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240 (1980). The provisions of subsection (b), however, were not contained in our statutes prior to 1969. 1967 N.C. Sess. Laws, ch. 954, § 3(j). From G.S. 1-277(b) it is clear that an immediate appeal lies from an adverse ruling as to the personal, *in rem* or *quasi in rem* jurisdiction of the court at any stage of the proceedings.

[1] The State cannot be sued in its own courts or elsewhere unless it has expressly consented to such suits. *Dalton v. Highway Com.*, 223 N.C. 406, 27 S.E. 2d 1 (1943). No court has jurisdiction to entertain a suit against the sovereign unless the sovereign has consented. *Cf., United States v. Sherwood*, 312 U.S. 584, 85 L.Ed. 1058, 61 S.Ct. 767 (1941) (neither the United States Court of Claims nor any other court has jurisdiction to entertain suits against the United States except as Congress has consented). *See also*, 81A C.J.S., States § 298, pp. 942-948 (1977); 72 Am.Jur. 2d, States § 99, pp. 490-491 (1974). We have previously held that an immediate appeal lies under G.S. 1-277(b) from the trial court's refusal to dismiss a suit against the State on grounds of governmental immunity. *Sides v. Hospital*, 22 N.C. App. 117, 205 S.E. 2d 784 (1974), *mod. on other grounds*, 287 N.C. 14, 213 S.E. 2d 297 (1975).[1] In this light, we hold that the present appeal may be maintained.

---

[1] *Acorn v. Knitting Corp.*, 12 N.C. App. 266, 182 S.E. 2d 862 (1971), *cert. denied*, 279 N.C. 511, 183 S.E. 2d 686 (1971) and *Allen v. Trust Co.*, 35 N.C. App. 267, 241 S.E. 2d 123 (1978) are clearly distinguishable from the case at bar. *Acorn* did not involve a challenge to the jurisdiction of the trial court and we did not reach the issue we decide here. In *Allen* the defendant sought dismissal of plaintiff's state court action on grounds that the Federal district courts had exclusive original jurisdiction to entertain suits under ERISA. We held that the lower court's refusal to dismiss that action was not immediately appealable. Exclusive Federal jurisdiction being a matter of *subject matter* and not *personal* jurisdiction, G.S. 1-277(b) was inapplicable to that case.

**[2]** While we thus recognize and uphold defendants' right to appeal pursuant to the provisions of G.S. 1-277(b), we nevertheless hold that the trial court correctly denied their motions to dismiss for lack of personal jurisdiction. The provisions of G.S. 143-135.3 clearly grant plaintiff the right to bring this action in the Superior Court of Wake County:

§ 143-135.3. Procedure for settling controversies arising from contracts; civil actions on disallowed claims. — Upon completion of any contract for construction or repair work awarded by any State board to any contractor, under the provisions of this Article, should the contractor fail to receive such settlement as he claims to be entitled to under terms of his contract, he may, within 60 days from the time of receiving written notice as to the disposition to be made of his claim, submit to the Secretary of Administration a written and verified claim for such amount as he deems himself entitled to under the terms of said contract, setting forth the facts upon which said claim is based. In addition, the claimant, either in person or through counsel, may appear before the Secretary of Administration and present any additional facts and arguments in support of his claim. Within 90 days from the receipt of the said written claim, the Secretary of Administration shall make an investigation of the claim and may allow all or any part or may deny said claim and shall have the authority to reach a compromise agreement with the contractor and shall notify the contractor in writing of his decision.

As to such portion of the claim which may be denied by the Secretary of Administration, the contractor may, within six months from receipt of the decision, institute a civil action for such sum as he claims to be entitled to under said contract by the filing of a verified complaint and issuance of summons in the Superior Court of Wake County or in the superior court of any county wherein the work under said contract was performed. The procedure shall be the same as in all civil actions except as herein and as hereinafter set out.

*   *   *

The submission of the claim to the Secretary of Administration within the time set out in this section and the filing of an action in the superior court within the time set out in this section shall be a condition precedent to bringing an action under this section and shall not be a statute of limitations.

The provisions of this section shall be deemed to enter into and form a part of every contract entered into between any board of the State and any contractor, and no provision in said contracts shall be valid that is in conflict herewith.

\* \* \*

The plaintiff has alleged it is entitled to damages contemplated under the contract for breach of contract. For jurisdictional purposes, these allegations are sufficient to withstand defendants' motions to dismiss under G.S. 1A-1, Rule 12(b)(2).

Defendants argue, however, that *Harrison Associates v. State Ports Authority*, 280 N.C. 251, 185 S.E. 2d 793 (1972), *rehearing denied*, 281 N.C. 317 (1972) is controlling here and supports their argument that the trial court should have dismissed plaintiff's claim. Our reading of *Harrison* compels us to say that we do not find it analogous. In *Harrison*, the trial court's ruling was, in essence, on defendant's motion for summary judgment. The trial court in *Harrison* ruled on the merits of plaintiff's claim. In the case *sub judice*, the only question before us is whether the trial court had personal jurisdiction over the defendant in this cause, and we hold that it did.

The judgment of the trial court is

Affirmed.

Judges WEBB and MARTIN (Harry C.) concur.