THE HOME INDEMNITY COMPANY, THE HOME INSURANCE COMPANY AND CITY INSURANCE COMPANY, PLAINTIFFS v. HOECHST-CELANESE CORPORATION, ET AL., DEFENDANTS

No. 8927SC1296

(Filed 3 July 1990)

1. **Abatement, Survival, and Revival of Actions § 3 (NCI4th) — pending action in New Jersey — stay in N. C. — standard of review**

   Entry of an order under N.C.G.S. § 1-75.12 is a matter within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion.

   **Am Jur 2d, Abatement, Survival, and Revival § 18.**

2. **Abatement, Survival, and Revival of Actions § 3 (NCI4th) — pending action in New Jersey — stay in N. C. — no abuse of discretion**

   There was no abuse of discretion in granting a stay of a North Carolina action where the trial court found that there was a prior pending action in the federal courts of New Jersey by Hoechst-Celanese Corporation seeking a declaration that Home Indemnity is required to provide coverage to Hoechst-Celanese under the same policies at issue in the North Carolina action; none of the parties to the action were North Carolina corporations or have principal places of business in North Carolina; four of the sixty-one environmental sites from which the action arises are located in North Carolina and fifteen sites are located in New Jersey; resolution of these claims will involve the application of law other than the law of North Carolina and trying the case here while the action in New

HOME INDEMNITY CO. v. HOECHST-CELANESE CORP.

[99 N.C. App. 322 (1990)]

Jersey is proceeding will place an unnecessary burden on the Superior Court of Cleveland County; and Hoechst-Celanese consented to trial of the action in federal court in New Jersey and our trial court found that this was a fair, convenient and reasonable forum.

**Am Jur 2d, Abatement, Survival, and Revival § 18.**

3. **Abatement, Survival, and Revival of Actions § 3 (NCI4th) — pending action in New Jersey — stay in N. C. — no abuse of discretion**

The trial court did not err in an action in which Home Indemnity sought a declaration that it was not required to provide insurance coverage for environmental claims by staying claims concerning excess carriers where Hoechst-Celanese Corporation has filed suit in New Jersey, acquiesced in its removal to federal court, and consented to suit by all parties, including the excess carriers, in New Jersey.

**Am Jur 2d, Abatement, Survival, and Revival § 18.**

4. **Courts § 1 (NCI3d) — stay pending action in another state — no violation of open court provision**

N.C.G.S. § 1-75.12, under which the North Carolina trial court stayed action pending an action in federal court in New Jersey, does not violate the North Carolina Constitution's open court provision. The state statute does not deny litigants access to North Carolina courts, but merely postpones litigation pending the resolution of the same matter in another sovereign court. North Carolina Constitution Art. I, § 18.

**Am Jur 2d, Abatement, Survival, and Revival § 18.**

Judge WELLS concurring.

APPEAL by plaintiffs from an order entered 28 August 1989 by *Judge Charles C. Lamm, Jr.* in Superior Court, CLEVELAND County. Heard in the Court of Appeals 5 June 1990.

*Womble Carlyle Sandridge & Rice, by Richard T. Rice, Reid C. Adams, Jr., and Thomas L. Nesbit, for The Home Indemnity Co., The Home Insurance Co. and City Insurance Co.; Rivkin, Radler, Dunne & Bayh, by Richard S. Feldman, and Bell, Davis & Pitt, P.A., by Richard V. Bennett, for Commercial Union Insurance Co.; Underwood, Kinsey & Warren, by C. Ralph Kinsey, Jr., for Aetna*

*Casualty & Surety Co.; Petree Stockton & Robinson, by J. Anthony Penry; Sheft & Sweeney, by Sheldon Karasik and Howard Fishman, for AIU, American Home Assurance, Birmingham Fire Insurance Co., Highlands Insurance Co., Insurance Company of the State of Pennsylvania, Lexington Insurance Company, National Fire Insurance Company of Pittsburgh, Pa. and Fremont Indemnity Co.*

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by Irvin W. Hankins III, Max E. Justice and Josephine H. Hicks, for appellee Hoechst-Celanese Corporation.*

LEWIS, Judge.

The issue before this Court is whether the trial court erred when it stayed litigation initiated in Cleveland County Superior Court pending final disposition of another similar action currently being litigated in the New Jersey federal courts.

On 14 February 1989, Hoechst-Celanese Corporation ("HCC") brought an action in state court in New Jersey seeking a declaration that its primary insurance carriers are obliged under liability policies issued to Celanese Corporation ("Celanese"), HCC's predecessor in interest, for environmental claims arising from Celanese operations at numerous sites throughout the United States. One of the defendants, Home Indemnity Company ("Home Indemnity") removed that case to federal court in New Jersey. On 9 March 1989, Home Indemnity filed this action in North Carolina seeking a declaration that it is not required to provide coverage under the same Home Indemnity policies at issue in the federal case for the same environmental claims.

HCC moved to stay the North Carolina action pursuant to G.S. 1-75.12. Judge Lamm granted HCC's motion to stay.

On 29 September 1989, the federal court in New Jersey denied a similar motion to stay filed by one of the defendants in that action. The court also denied a motion to limit the federal case to issues arising from the New Jersey sites, and on 26 January 1990, the Third Circuit rejected an appeal of that order.

Plaintiffs and certain defendants appeal the North Carolina stay.

[1] G.S. 1-75.12 gives the trial court the power, in its discretion, to enter a stay:

> If, in any action pending in any court of this State, the judge shall find that it would work substantial injustice for the action to be tried in a court of this State, the judge . . . may enter an order to stay further proceedings in the action in this State.

The appellants contend as a preliminary matter that the appropriate standard of review under G.S. 1-75.12 is an open question in North Carolina and urge this Court to adopt a *de novo* standard of review. However, we find to the contrary. Entry of an order under G.S. 1-75.12 is a matter within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discretion. *Motor Inn Management, Inc. v. Irvin-Fuller Dev. Co.*, 46 N.C. App. 707, 711, 266 S.E.2d 368, 370, *disc. rev. denied and appeal dismissed*, 301 N.C. 93, 273 S.E.2d 299 (1980); *Allen v. Wachovia Bank & Trust Co., N.A.*, 35 N.C. App. 267, 241 S.E.2d 123 (1978).

[2]  We find that the trial court did not abuse its discretion in granting the stay. In *Motor Inn*, this Court enumerated several factors to be considered by the trial court when it determines whether an action should be stayed under G.S. 1-75.12. 46 N.C. App. 713, 266 S.E.2d at 371. These factors include, among others, (1) the nature of the case; (2) the convenience of witnesses; (3) the availability of compulsory process to produce witnesses; (4) the relative ease of access to sources of proof; (5) the applicable law; (6) the burden of litigating matters not of local concern; (7) the desirability of litigating matters of local concern in local courts; and (8) convenience and access to another forum. *Id.*

Under the facts of the present case, granting the stay was not an abuse of discretion. The trial court found that there was a prior pending action in the federal courts of New Jersey by HCC seeking a declaration that Home Indemnity is required to provide coverage to HCC under the same policies at issue in the North Carolina action. The court also found that none of the parties to the action were North Carolina corporations or have principal places of business in North Carolina. Of the sixty-one environmental sites from which this action arises, fifteen sites are located in New Jersey; four sites are located in North Carolina. Resolution of these claims will involve the application of law other than the law of North Carolina and trying the case here while the action in New Jersey is proceeding will place an unnecessary burden on the Superior Court of Cleveland County. HCC consented to

HOME INDEMNITY CO. v. HOECHST-CELANESE CORP.

[99 N.C. App. 322 (1990)]

trial of the action in Federal Court in New Jersey and our trial court found that this was a convenient, fair and reasonable forum.

We find that these findings are supported by the evidence and are sufficient to uphold the trial court's conclusion that it would work a substantial injustice to try the North Carolina case while the New Jersey action is proceeding.

[3] The appellants also contend that the trial court erroneously stayed the claims concerning the excess carriers without any consent from HCC to suit in another jurisdiction regarding the claims of these excess carriers. It bases this argument on the fact that HCC has not joined any of the excess carriers in the New Jersey action.

We find this contention to be meritless. HCC has filed suit in New Jersey and acquiesced in its removal to federal court. HCC has consented to suit by all parties, including the excess carriers, in New Jersey.

[4] Finally, appellants contend that G.S. 1-75.12 violates N.C. Const. Art. I § 18, our Constitution's open court provision. We reject this argument. Application of G.S. 1-75.12 does not result in a dismissal of the case; it merely stays or suspends the action. Once the stay has been lifted under the terms of the Order, the appellants may proceed with their action in North Carolina. We agree with the appellees that the stay statute does not deny litigants access to North Carolina courts, but merely *postpones* litigation here pending the resolution of the same matter in another sovereign court.

For these reasons, we

Affirm.

Judges WELLS and EAGLES concur.

Judge WELLS concurring.

Were we properly sitting in *de novo* review of the merits of defendant HCC's motion to stay this action, I would vote to reverse the trial court. I perceive that the risk of substantial injustice is far greater in staying this action than in allowing it to go forward.

## IN RE ESTATE OF HEFFNER

[99 N.C. App. 327 (1990)]

I agree with the majority, however, that we are in an "abuse of discretion" review context, and I therefore cannot substitute my judgment for that of the trial court.