**LAWYERS MUT. LIAB. INS. CO. v. NEXSEN PRUET JACOBS & POLLARD**

[112 N.C. App. 353 (1993)]

LAWYERS MUTUAL LIABILITY INSURANCE COMPANY OF NORTH CAROLINA, PLAINTIFF v. NEXSEN PRUET JACOBS & POLLARD, MOORE & VAN ALLEN AND THE HOME INSURANCE COMPANY, DEFENDANTS

No. 9210SC991

(Filed 19 October 1993)

1. **Courts § 19 (NCI4th)— determination of insurance coverage— similar proceedings in South Carolina—stay**

There was no abuse of discretion in granting a stay under N.C.G.S. § 1-75.12 in an action to determine insurance coverage while a similar action proceeded in South Carolina where North Carolina had no connection to the underlying claims; Lawyers Mutual insured South Carolina lawyers against professional liability, thereby insuring South Carolina residents; the convenience of the witnesses and the availability of compulsory process to obtain witnesses clearly weighed in favor of staying the North Carolina action; the facts and circumstances surrounding Lawyers Mutual's defense occurred in South Carolina and South Carolina law applied to the coverage issues; and the South Carolina court currently handling the malpractice claims is a more convenient forum for handling the declaratory judgment. The standard of review for the granting of a stay under N.C.G.S. § 1-75.12 is whether the trial court abused its discretion rather than a review *de novo,* the facts support the trial court's conclusion that it would work a substantial injustice for the action to be tried in a North Carolina court, and the Court of Appeals found no abuse of discretion.

**Am Jur 2d, Actions §§ 95, 96.**

**Stay of civil proceedings pending determination of action in another state or country. 19 ALR2d 301.**

2. **Courts § 19 (NCI4th)— action in foreign jurisdiction—stay in North Carolina—standard**

The factors listed in *Motor Inn Management, Inc. v. Irvin-Fuller Dev. Co., Inc.,* 46 N.C. App. 707, for granting a stay under N.C.G.S. § 1-75.12 are permissive, not mandatory, and a court will not have abused its discretion in failing to consider each enumerated factor. Further, it is not necessary that the trial court find that *all* factors positively support a stay, as long as it is able to conclude that (1) a substantial injustice

would result if the trial court denied the stay, (2) the stay is warranted by those factors present, and (3) the alternative forum is convenient, reasonable, and fair. A court will have abused its discretion if it abandons any consideration of these factors.

**Am Jur 2d, Actions § 97.**

3. **Courts § 19 (NCI4th)— foreign proceeding—N.C. action stayed—no violation of open courts**

The trial court's application of N.C.G.S. § 1-75.12 to stay a North Carolina action while a related action proceeded in South Carolina did not violate the open courts provision of Article I, § 18 of the North Carolina Constitution because the stay statute does not deny litigants access to North Carolina courts, but merely *postpones* litigation here pending the resolution of the same matter in another sovereign court.

**Am Jur 2d, Actions §§ 92, 99.**

Appeal by plaintiff from order entered 7 July 1992 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 15 September 1993.

This appeal questions the propriety of an order granting Nexsen Pruet Jacobs & Pollard's (Nexsen Pruet) motion to stay proceedings in North Carolina to permit the trial of similar issues pending in South Carolina. Nexsen Pruet is a law partnership with its principal office in Columbia, South Carolina. In August 1987, Nexsen Pruet merged briefly with Moore & Van Allen, a law partnership with its principal office in Charlotte, North Carolina. This merger lasted until 30 June 1988 and effective 1 July 1988 the two firms demerged.

The Home Insurance Company (Home) insured Nexsen Pruet prior to the merger. Lawyers Mutual Liability Insurance Company (Lawyers Mutual) insured Moore & Van Allen both prior to, during, and after the merger. In anticipation of the merger, Nexsen Pruet applied to Lawyers Mutual seeking to have their firm members, located in South Carolina, insured under Moore & Van Allen's Lawyers Mutual policy. Lawyers Mutual agreed and added Nexsen Pruet's staff through an endorsement to the pre-existing Moore & Van Allen policy. In January 1988, the merged firm applied for and received a renewal policy, effective 1 February 1988 to

1 February 1989. Following demerger, an arrangement was made with Lawyers Mutual to continue coverage for both firms until the renewal policy expired naturally in February 1989. Beginning 1 February 1989, Nexsen Pruet resumed coverage under a Home policy.

In December 1988, Nexsen Pruet notified Lawyers Mutual that a potential claim (hereinafter the "Charping Suit") existed, arising out of work done by a member of their firm. In January 1989, Nexsen Pruet notified Lawyers Mutual of an additional potential claim (hereinafter the "Equity Capital Suit"), arising out of the same transaction or series of transactions that gave rise to the Charping Suit. Both Lawyers Mutual and Home have asserted that their policies do not cover either the Charping Suit or the Equity Capital Suit, both of which were filed in South Carolina against Nexsen Pruet, Moore & Van Allen, and Edward Menzie. Lawyers Mutual did, however, retain defense counsel to represent the parties in the South Carolina lawsuits while reserving its rights disputing coverage. On 24 February 1992, Lawyers Mutual filed a complaint in North Carolina seeking a declaration of coverage rights under the pertinent malpractice policies. On 3 March 1992, Nexsen Pruet filed a comparable action in South Carolina, again, seeking a declaration of coverage rights under all pertinent malpractice policies. On 23 April 1992, Nexsen Pruet filed a motion seeking a stay of this declaratory action to permit trial of the parallel action pending in South Carolina. On 13 May 1992, the South Carolina court denied a similar motion made by Lawyers Mutual to stay the South Carolina declaratory judgment action. All parties, excluding Lawyers Mutual, have consented to suit in South Carolina and have supported Nexsen Pruet's motion to stay the North Carolina proceedings. From the order granting Nexsen Pruet's motion to stay the North Carolina action, Lawyers Mutual appeals.

*Young, Moore, Henderson & Alvis, P.A., by Walter E. Brock, Jr., for plaintiff appellant.*

*Smith, Helms, Mullis & Moore, by Martin N. Erwin, for defendant appellee, The Home Insurance Company.*

*Manning, Fulton & Skinner, by Howard E. Manning, Jr., for defendant appellee, Nexsen Pruet Jacobs & Pollard.*

*Yates, McLamb & Weyher, by Joseph W. Yates, III, and Barbara B. Weyher, for defendant appellee, Moore & Van Allen.*

**LAWYERS MUT. LIAB. INS. CO. v. NEXSEN PRUET JACOBS & POLLARD**

[112 N.C. App. 353 (1993)]

ARNOLD, Chief Judge.

[1] In its first of two assignments of error, Lawyers Mutual contends the trial court abused its discretion in staying the North Carolina declaratory judgment action. The trial court granted the stay pursuant to N.C. Gen. Stat. § 1-75.12 (1983), which provides as follows:

> (a) When Stay May Be Granted.—If, in any action pending in any court of this State, the judge shall find that it would work substantial injustice for the action to be tried in a court of this State, the judge on motion of any party may enter an order to stay further proceedings in the action in this State. A moving party under this subsection must stipulate his consent to suit in another jurisdiction found by the judge to provide a convenient, reasonable and fair place of trial.

Lawyers Mutual first argues this Court must reassess the standard by which orders under G.S. § 1-75.12 are reviewed. In *Home Indemnity Co. v. Hoechst-Celanese Corp.*, 99 N.C. App. 322, 393 S.E.2d 118, *appeal dismissed and disc. review denied*, 327 N.C. 428, 396 S.E.2d 611 (1990), this Court refused to adopt a *de novo* standard of review, stating that "[e]ntry of an order under G.S. 1-75.12 is a matter within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discretion." *Id.* at 325, 393 S.E.2d at 120. We decline to change that standard.

Lawyers Mutual also argues that, even under an abuse of discretion standard, the trial court committed error. In determining whether to grant a stay under G.S. § 1-75.12, the trial court may consider the following factors: (1) the nature of the case, (2) the convenience of the witnesses, (3) the availability of compulsory process to produce witnesses, (4) the relative ease of access to sources of proof, (5) the applicable law, (6) the burden of litigating matters not of local concern, (7) the desirability of litigating matters of local concern in local courts, (8) convenience and access to another forum, (9) choice of forum by plaintiff, and (10) all other practical considerations. *Motor Inn Management, Inc. v. Irvin-Fuller Dev. Co., Inc.*, 46 N.C. App. 707, 713, 266 S.E.2d 368, 371, *appeal dismissed and disc. review denied*, 301 N.C. 93, 273 S.E.2d 299 (1980).

We have reviewed the trial court's order. The trial court found that the underlying actions seeking damages from Nexsen Pruet and Moore & Van Allen arise solely out of Nexsen Pruet's represen-

tation of Charping and the Charping companies in South Carolina. North Carolina has no connection to these claims. The trial court also found that Lawyers Mutual insured South Carolina lawyers against professional liability, thereby insuring South Carolina residents. Moreover, it found that the convenience of the witnesses and the availability of compulsory process to obtain witnesses clearly weighed in favor of staying the North Carolina action. The trial court also found that the facts and circumstances surrounding Lawyers Mutual's defense to coverage occurred in South Carolina and that South Carolina law applied to the coverage issues. Finally, the trial court found the South Carolina court currently handling the malpractice claims to be a more convenient forum for handling the declaratory judgment as well. The trial court then concluded that it would work a substantial injustice for the action to be tried in a North Carolina court and granted Nexsen Pruet's motion to stay. We hold that the facts of this case support this conclusion and find no abuse of the court's discretion.

[2] Lawyers Mutual also assigns as error the failure of the trial court to consider each and every factor listed above. We disagree, noting that the Court in *Motor Inn Management* stated "relevant factors, among others, that *may* be considered . . . ." *Motor Inn Management, Inc.*, 46 N.C. App. at 713, 266 S.E.2d at 371 (emphasis added). This language is permissive, not mandatory. A court will not have abused its discretion in failing to consider each enumerated factor. We decline to bind the trial courts to a rigid checklist in determining whether to grant a stay, preferring to maintain the flexibility advocated in *Motor Inn Management*. A court will have abused its discretion, however, if it abandons any consideration of these factors which this Court has deemed relevant in determining whether a stay is warranted. Further, in determining whether to grant a stay, it is not necessary that the trial court find that *all* factors positively support a stay, as long as it is able to conclude that (1) a substantial injustice would result if the trial court denied the stay, (2) the stay is warranted by those factors present, and (3) the alternative forum is convenient, reasonable, and fair.

[3] In its second assignment of error, Lawyers Mutual contends the trial court's application of G.S. § 1-75.12 violated the North Carolina Constitution's "open courts" provision. This provision reads as follows:

TRUE v. T & W TEXTILE MACHINERY

[112 N.C. App. 358 (1993)]

All courts shall be open; every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial or delay.

N.C. Const., Art. I, § 18. Lawyers Mutual argues the stay both (1) deprives a North Carolina plaintiff of real access to our courts, and (2) prevents the administration of justice without delay, as required by our Constitution. We are bound by, and agree with, this Court's decision in *Home Indemnity*, where this Court stated "the stay statute does not deny litigants access to North Carolina courts, but merely *postpones* litigation here pending the resolution of the same matter in another sovereign court." *Home Indemnity Co.*, 99 N.C. App. at 326, 393 S.E.2d at 121. We also fail to see how Lawyers Mutual is being delayed justice where an identical action is proceeding in South Carolina.

Accordingly, the order staying the North Carolina proceeding to permit trial in South Carolina is

Affirmed.

Judges WYNN and JOHN concur.