STEVE SAWYER, Plaintiff v. MARKET AMERICA, INC., Defendant

No. COA07-1257

(Filed 3 June 2008)

**1. Appeal and Error— appealability—partial summary judgment—certification by trial court**

Although plaintiff's appeal from the trial court's grant of partial summary judgment is an appeal from an interlocutory order since it does not dispose of the case but leaves it for further action by the trial court in order to settle and determine the entire controversy, the trial court certified the order for immediate review under N.C.G.S. § 1A-1, Rule 54(b).

**2. Employer and Employee— North Carolina Wage and Hour Act—nonresident who neither lives nor works in North Carolina**

The trial court did not err by granting partial summary judgment for defendant on the North Carolina Wage and Hour Act claim when plaintiff was an Oregon resident performing work outside the State of North Carolina because: (1) although plaintiff asserted that the choice of law provision effectively removed the scope of the North Carolina Wage and Hour Act from consideration, he failed to articulate any argument or cite any authority that supports this view, and plaintiff's argument has previously

been rejected in other jurisdictions; (2) the North Carolina Wage and Hour Act does not apply to the wage payment claims of a nonresident who neither lives nor works in North Carolina when the plain language of N.C.G.S. § 95-25.1 identifies it as being for the benefit of North Carolina residents; and (3) the U.S. Supreme Court has long held that legislation is presumptively territorial and confined to limits over which the law-making power has jurisdiction, and courts have no extraterritorial jurisdiction.

Appeal by Plaintiff from judgment entered 9 May 2007 by Judge John O. Craig, III, in Guilford County Superior Court. Heard in the Court of Appeals 28 April 2008.

*Carruthers & Roth, P.A., by Kenneth R. Keller, and William J. McMahon, IV, for Plaintiff-Appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by Pressly M. Millen, for Defendant-Appellee.*

ARROWOOD, Judge.

Steve Sawyer, Plaintiff, appeals from an order granting Defendant's motion for partial summary judgment on Plaintiff's claim under the North Carolina Wage & Hour Act. We affirm.

Plaintiff is a resident of the State of Oregon. Defendant, Market America, Inc., is a North Carolina corporation based in Greensboro, North Carolina. On 1 December 2004 the parties met in Greensboro and signed an "Independent Contractor Agreement." Pursuant to this agreement, Plaintiff performed services for Defendant from December 2004 until his contract was terminated on 30 January 2006. Plaintiff's work for Defendant was performed outside North Carolina.

In March 2006 Plaintiff filed suit against Defendant, seeking recovery of certain sums to which Plaintiff claimed entitlement under the terms of the parties' agreement. Plaintiff brought claims for breach of contract and for violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 (2007), *et seq.* In April 2007 Defendant moved for partial summary judgment on Plaintiff's claim under the North Carolina Wage and Hour Act. On 9 May 2007 the trial court granted Defendant's motion and entered summary judgment for Defendant on Plaintiff's North Carolina Wage and Hour Act claim. The court ruled that "the North Carolina Wage & Hour Act does not apply to Plaintiff as an individual who resides and primarily

works outside of the State of North Carolina[.]" From this order Plaintiff appeals.

### Standard of Review

**[1]** Plaintiff's appeal from the trial court's summary judgment order "is interlocutory because the trial court's order 'does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.' An interlocutory order is immediately appealable if the trial court certifies that: (1) the order represents a final judgment as to one or more claims in a multiple claim lawsuit or one or more parties in a multi-party lawsuit, and (2) there is no just reason to delay the appeal. N.C.G.S. § 1A-1, Rule 54(b) [(2007)]." *Hamby v. Profile Prods., L.L.C.*, 361 N.C. 630, 633-34, 652 S.E.2d 231, 233 (2007) (quoting *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). In the instant case, the trial court certified its summary judgment order for immediate review, as provided in Rule 54(b).

"We review a trial court's order for summary judgment *de novo* to determine whether there is a 'genuine issue of material fact' and whether either party is 'entitled to judgment as a matter of law.'" *Robins v. Town of Hillsborough*, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007) (quoting *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003); and citing N.C. Gen. Stat. § 1A-1, Rule 56(c)). In the case *sub judice*, neither party contends that there exist genuine issues of material fact. Rather, the dispositive appellate issue is whether, as a matter of law, Defendant was entitled to summary judgment.

---

**[2]** The issue presented on appeal is whether Plaintiff, an Oregon resident performing work outside the State of North Carolina, can bring a claim against Defendant under the North Carolina Wage and Hour Act.

Preliminarily, we address the validity of the North Carolina choice of law provision in the Independent Contractor Agreement. A "choice of law provision[] names a particular state and provides that the substantive laws of that jurisdiction will be used to determine the validity and construction of the contract, regardless of any conflicts between the laws of the named state and the state in which the case is litigated." *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 92, 414 S.E.2d 30, 33 (1992). In the instant case, the Independent Contractor Agreement contains a clause providing in pertinent part

that the "Agreement shall be governed and construed under the laws of the State of North Carolina," and the parties agree that North Carolina law should be utilized to resolve the issues in this case.

"This Court has held that where parties to a contract have agreed that a given jurisdiction's substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect." *Tanglewood Land Co. v. Byrd*, 299 N.C. 260, 262, 656 261 S.E.2d 655, 656 (1980). "We have previously held that 'the parties' choice of law is generally binding on the interpreting court as long as they had a reasonable basis for their choice and the law of the chosen State does not violate a fundamental public policy of the state or otherwise applicable law.'" *Torres v. McClain*, 140 N.C. App. 238, 241, 535 S.E.2d 623, 625 (2000) (quoting *Behr v. Behr*, 46 N.C. App. 694, 696, 266 S.E.2d 393, 395 (1980)).

We conclude that there is no obstacle to the application of North Carolina law to this appeal. Accordingly, we will apply the substantive law of North Carolina to our determination of the territorial ambit of the North Carolina Wage and Hour Act.

Plaintiff first asserts that the choice of law provision effectively removed the scope of the North Carolina Wage and Hour Act from consideration. He argues that Defendant's assertion that the North Carolina Wage and Hour Act does not have extraterritorial effect "ignores the determinative fact that the parties agreed" that their agreement would be governed by North Carolina law.

Plaintiff appears to take the position that our general application of North Carolina law automatically brings him within the scope of the North Carolina Wage and Hour Act and obviates the need to determine whether the statute has any extraterritorial effect. However, Plaintiff fails to articulate any argument, or cite any authority, that supports this view. Moreover, we note that Plaintiff's argument has previously been rejected in other jurisdictions.

For example, in *Highway Equipment Co. v. Caterpillar, Inc.*, 908 F.2d 60 (6th Cir. 1990), an Ohio plaintiff sued an Illinois defendant for breach of contract and violation of the Illinois Franchise Disclosure Act (IFDA). The trial court granted defendant's motion for judgment on the pleadings on the plaintiff's IFDA claim, on the grounds that the IFDA could not be applied extraterritorially to an Ohio plaintiff. On appeal the plaintiff argued that the Illinois choice of law provision in the parties' agreement gave the IFDA extraterritorial application to the Ohio plaintiff. The Court disagreed, noting that plaintiff did "not

present any evidence that the IFDA was intended to apply outside Illinois," and concluding that "the IFDA was enacted for the protection of Illinois residents only." *See also, e.g., Gravquick A/S v. Trimble Navigation Int'l*, 323 F.3d 1219, 1222 (9th Cir. Ct. App. 2003) ("The contract's choice of law clause states that the [contract] is to 'be governed by and construed under the laws of the State of California[.]' . . . Honoring that choice of law does not give extraterritorial application to the [California] statute[.]"). We conclude that the choice of law provision in the parties' contract, although it requires us to apply North Carolina law, does not change the limits or requirements of the North Carolina statutes thus applied. This assignment of error is overruled.

Plaintiff also argues that the court erred by granting summary judgment, on the grounds that North Carolina North Carolina Wage and Hour Act is "not limited in application to residents of North Carolina." We disagree and hold that the North Carolina Wage and Hour Act does not apply to the wage payment claims of a nonresident who neither lives nor works in North Carolina.

N.C. Gen. Stat. § 95-25.1 (2007) provides that:

(a) This Article shall be known and may be cited as the "Wage and Hour Act."

(b) The public policy of this State is declared as follows: The wage levels of employees, hours of labor, payment of earned wages, and the well-being of minors are subjects of concern requiring legislation to promote the general welfare of the people of the State without jeopardizing the competitive position of North Carolina business and industry. The General Assembly declares that the general welfare of the State requires the enactment of this law under the police power of the State.

The plain language of the statute identifies it as being for the benefit of North Carolina residents. This Court has noted that the "Wage and Hour Act was enacted to safeguard the hours worked by and the wages paid to 'the people of the State without jeopardizing the competitive position of North Carolina business and industry." *Horack v. S. Real Estate Co. of Charlotte, Inc.*, 150 N.C. App. 305, 309, 563 S.E.2d 47, 52 (2002) (quoting N.C. Gen. Stat. § 95-25.1(b) ([2007])).

Plaintiff directs our attention to the absence of statutory language that explicitly restricts application of the North Carolina Wage

and Hour Act to North Carolina residents. Plaintiff argues that, because the statute does not expressly bar its extraterritorial application, the North Carolina Wage and Hour Act may properly be applied to a resident of the State of Oregon. We disagree, and note the long established common law rule to the contrary.

The U.S. Supreme Court has long held that "[l]egislation is presumptively territorial and confined to limits over which the law-making power has jurisdiction." *Sandberg v. McDonald*, 248 U.S. 185, 195, 63 L. Ed. 200, 204 (1918) (citing *American Banana Co. v. United Fruit Co.*, 213 U.S. 347, 53 L. Ed. 826 (1909)). "No law has any effect, of its own force, beyond the limits of the sovereignty from which its authority is derived." *Hilton v. Guyot*, 159 U.S. 113, 163, 40 L. Ed. 95, 108 (1895). The North Carolina Supreme Court has also shown a longstanding adherence to this rule:

> The law is unmistakably clear that the Legislature has no power to enact statutes, even though in general words, that can extend in their operation and effect beyond the territory of the sovereignty from which the statute emanates. . . ."Prima facie, every statute is confined in its operation to the persons, property, rights, or contracts, which are within the territorial jurisdiction of the legislature which enacted it. The presumption is always against any intention to attempt giving to the act an extraterritorial operation and effect." . . . No presumption arises, from a failure of the state through its legislative authority to speak on the subject, that the state intends to grant any right, privilege, or authority under its laws to be exercised beyond its jurisdiction.

*McCullough v. Scott*, 182 N.C. 865, 877-78, 109 S.E. 789, 796 (1921) (quoting *Walbridge v. Robinson*, 22 Idaho 236, 245, 125 P. 812, 815 (1912) (citations omitted).

Thus, although "a state has broad power to establish and enforce standards of conduct within its borders relative to the health of everyone there[,]" *Barsky v. Board of Regents*, 347 U.S. 442, 449, 98 L. Ed. 829, 838 (1954), "[i]t is axiomatic that courts have no extraterritorial jurisdiction." *In re De Ford*, 226 N.C. 189, 192, 37 S.E.2d 516, 518 (1946). Therefore, "general words used in statutes are taken as limited to cases within the jurisdiction of the Legislature passing the statute, and confining its operation to matters affecting persons and property in such jurisdiction." *McCullough*, 182 N.C. at 877, 109 S.E. at 796. In *McCullough*, our Supreme Court noted that its holding was

not only in accord with long-established law, but also constituted good public policy:

> Either the statute applies . . . within the State . . . or its scope is unlimited, and . . . the board may hold examinations anywhere and everywhere it sees fit. And if this board may go outside the state to hold examinations, why not every other examining board of the State do likewise, if the place is left to its discretion? Obviously, this would be subversive of public policy, of the spirit and intent of the law, would defeat the very ends which these protective statutes were enacted to accomplish[.]

*Id.* 182 N.C. at 878, 109 S.E. at 796-97.

We conclude that the North Carolina Wage and Hour Act does not provide a private cause of action for a nonresident who neither lived nor worked in North Carolina. We further conclude that the trial court did not err and that its order granting partial summary judgment for Defendant on Plaintiff's North Carolina North Carolina Wage and Hour Act claim should be

Affirmed.

Chief Judge MARTIN and Judge BRYANT concur.