STEVE SAWYER, Plaintiff,
v.
MARKET AMERICA, INC., Defendant.
No. COA09-922.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Carruthers & Roth, P.A., by Kenneth R. Keller and Kevin A. Rust, for Plaintiff.
Womble Carlyle Sandridge & Rice, PLLC, by Pressly M. Millen and Sarah L. Buthe, for Defendant.

UNPUBLISHED OPINION
BEASLEY, Judge.
Defendant appeals from a trial court order granting Plaintiff's motion to stay a North Carolina proceeding. Because the trial court's decision was not an abuse of discretion, we affirm.
On 3 March 2006, Steve Sawyer (Plaintiff), filed suit against Market America, Inc. (Defendant). In the Complaint, Plaintiff, a citizen of Oregon, alleged that he worked as an internet sales manager for Defendant. Plaintiff asserted that Defendant failed to pay him $25,000 in bonuses and two monthly payments of $4,166.67, pursuant to an employment agreement signed by the parties. Plaintiff sought relief for breach of contract and violation of the wage payment provisions of the North Carolina Wage and Hour Act.
On 12 April 2007, Defendant filed a motion for partial summary judgment, arguing, in relevant part, that the North Carolina Wage and Hour Act was inapplicable to out-of-state residents. Following a hearing, the trial court granted Defendant's motion and found that the North Carolina Wage and Hour Act was indeed inapplicable to Plaintiff. However, during the hearing the trial court indicated that it did not intend for its ruling to prohibit Plaintiff from bringing a similar cause of action in Oregon.
Plaintiff appealed the trial court's order. In Sawyer v. Market Am., Inc., our Court affirmed the decision of the trial court and found that the North Carolina Wage and Hour Act was inapplicable to Plaintiff. 190 N.C. App. 791, 661 S.E.2d 750 (2008). The North Carolina Supreme Court denied Plaintiff's petition for discretionary review on 11 December 2008. Sawyer v. Market Am., Inc., 362 N.C. 682, 670 S.E.2d 235 (2008).
On 26 December 2008, Plaintiff filed suit against Defendant in Oregon seeking relief under the Oregon Wage Claim Act. In response, Defendant filed a motion for emergency injunctive relief in his North Carolina action, seeking to enjoin Plaintiff from pursuing a cause of action in Oregon. Defendant's motion was denied in an order issued on 23 February 2009. Plaintiff filed a motion to stay the North Carolina proceeding on 4 March 2009, and following a hearing, a North Carolina trial court granted Plaintiff's motion. Defendant appeals the trial court's decision arguing that: (I) "None of the factors considered in stay motions supports a stay of this case;" and (II) the doctrine of judicial estoppel is inapplicable to this case.

I.
Defendant first argues that the trial court erred by granting Plaintiff's motion to stay the North Carolina proceeding. We disagree.
Typically, because the trial court's order would have required further action in this case, it would have been interlocutory and not immediately appealable. See Carcano v. JBSS, LLC, ___ N.C. App. ___, ___, 684 S.E.2d 41, 47 (2009) ("An interlocutory order or judgment is one which is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy."); see also, James v. Bledsoe, ___ N.C. App. ___, ___, 679 S.E.2d 494, 495-96 (2009) ("An appeal from an interlocutory order will be dismissed unless the order affects some substantial right and will work injury to the appellant if not corrected before appeal from the final judgment."). However, the North Carolina General Assembly has provided that "[w]henever a motion for a stay. . . is granted, any nonmoving party shall have the right of immediate appeal." N.C. Gen. Stat. § 1-75.12(c) (2009). As the "non-moving" party in the trial court's order granting Plaintiff's motion to stay, Defendant is entitled to immediate appellate review.
Our Court will review the trial court's order for an abuse of discretion. See Lawyers Mut. Liab. Ins. Co. v. Nexsen Pruet Jacobs & Pollard, 112 N.C. App. 353, 356, 435 S.E.2d 571, 573 (1993). "A trial court may be reversed for abuse of discretion only if the trial court made `a patently arbitrary decision, manifestly unsupported by reason.'" Home Indemnity Co. v. Hoechst Celanese Corp., 128 N.C. App. 113, 118, 493 S.E.2d 806, 809 (1997) (quoting Buford v. General Motors Corp., 339 N.C. 396, 406, 451 S.E.2d 293, 298 (1994)). Providing courts with the authority to stay North Carolina proceedings, the General Assembly has stated that:
If, in any action pending in any court of this State, the judge shall find that it would work substantial injustice for the action to be tried in a court of this State, the judge on motion of any party may enter an order to stay further proceedings in the action in this State. A moving party under this subsection must stipulate his consent to suit in another jurisdiction found by the judge to provide a convenient, reasonable and fair place of trial.
N.C. Gen. Stat. § 1-75.12(a) (2009).
To determine whether it would be appropriate to grant a stay, the trial court judge may consider:
(1) the nature of the case, (2) the convenience of the witnesses, (3) the availability of compulsory process to produce witnesses, (4) the relative ease of access to sources of proof, (5) the applicable law, (6) the burden of litigating matters not of local concern, (7) the desirability of litigating matters of local concern in local courts, (8) convenience and access to another forum, (9) choice of forum by plaintiff, and (10) all other practical considerations.
Lawyers Mut., 112 N.C. App. at 356, 435 S.E.2d at 573.
Courts are not required to consider each factor or find that each factor supports an order to stay. Id. at 357, 435 S.E.2d at 574. It is only necessary for a trial court to determine "that (1) a substantial injustice would result if the trial court denied the stay, (2) the stay is warranted by those factors present, and (3) the alternative forum is convenient, reasonable, and fair." Id.
In this case, the trial court determined that "it would work [a] substantial injustice for [Plaintiff's] contract claim to be tried in North Carolina prior to [the] determination of [Plaintiff's] Wage and Hour Claim in the Oregon Wage and Hour Action." Supporting its conclusion, the trial court reasoned that the essence of Plaintiff's claim depends upon the "applicability of wage and hour remedies to plaintiff's claims." While Plaintiff's Wage and Hour claim may be barred in North Carolina, the trial court found that Oregon courts would be best suited to determine the applicability of the Oregon Wage Claim act to Plaintiff's case. Because the application of an Oregon statute is determinative in this case, there is a greater chance that Plaintiff's claims can be resolved in a single trial if the Oregon action is allowed to proceed first. The trial court also found that neither party raised the issue of Defendant's inability to make its witnesses available in North Carolina.
In its order the trial court considered the "nature of the case," "the applicable law," and several "other practical considerations." Most importantly, it appears from the record that the trial court determined that the existing factors warranted a stay and that a substantial injustice would occur if Plaintiff's motion to stay was not granted. The trial court's findings of fact and conclusions of law indicate that Oregon is a convenient, reasonable and fair forum.
Defendant contends that none of the factors enumerated in Lawyers Mutual suggest that the trial court should have granted a stay of the North Carolina action. Notably, Defendant argues that "[t]he terms of the contract at issue provide that North Carolina law will apply, and a local North Carolina company is the defendant. Accordingly, this lawsuit is a matter of local concern, and the applicable law is North Carolina's." Indeed, Plaintiff's employment agreement with Defendant included a forum selection clause reading "[t]his agreement shall be governed and construed under the laws of the State of North Carolina . . . ." The forum selection clause does weigh in favor of Defendant's contention that the North Carolina action should proceed first; however, this factor, amongst several others, was considered by the trial court in its order. After considering the evidence with which it was presented, the trial court concluded that substantial injustice would occur if Plaintiff's motion to stay was not granted. The trial court's order was not the result of a "patently arbitrary decision."
Accordingly, we hold that the trial court's decision to grant Plaintiff's motion to stay was not an abuse of discretion.

II.
Defendant next argues that the trial court's order erroneously suggests that "[Defendant] took inconsistent positions as to whether the dismissal of [Plaintiff's] North Carolina Wage and Hour Act claim affected [Plaintiff's] ability to bring an Oregon Wage Act Claim." We agree with Defendant's contention that the doctrine of judicial estoppel is inapplicable to these facts.
The doctrine of judicial estoppel is intended to prevent "parties from deliberately changing positions according to the exigencies of the moment." Whitacre P'ship v. Biosignia, Inc., 358 N.C. 1, 28, 591 S.E.2d 870, 888 (2004) (citation and internal quotations omitted). Adopting factors set forth by the United States Supreme Court, our Supreme Court provided guidance for when the doctrine of judicial estoppel was applicable:
First, a party's subsequent position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding might pose a threat to judicial integrity by leading to inconsistent court determinations or the perception that either the first or the second court was misled. Third, courts consider whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.
Id. at 29, 591 S.E.2d at 888-89 (internal citations and quotations omitted). The factors enumerated in Whitacre P'ship are not an inflexible checklist and other considerations can guide a Court's determination. Id. at 29, 591 S.E.2d at 889. The only essential factor is that a party's current position must be "clearly inconsistent" with an earlier one. Id. at n.7, 591 S.E.2d at 889 n.7. The Court clarified that the "recognition of judicial estoppel is limited to the context of inconsistent factual assertions and . . . the doctrine should not be applied to prevent the assertion of inconsistent legal theories." Id. at 32, 591 S.E.2d at 890.
Here, during the hearing for Defendant's summary judgment motion, Defendant expressed that if the trial court found that the North Carolina Wage and Hour Act was inapplicable, Plaintiff would not be precluded from bringing a similar action in Oregon. Later, at the hearing for the stay motion, Defendant argued that because Plaintiff's cause of action was based on the contract, a ruling on the contractual issue by a North Carolina court would also settle that issue in an Oregon court. Defendant's position with respect to Plaintiff's potential suit in Oregon never varied. Defendant maintained that Plaintiff could file suit in Oregon, however, if an issue related to the contract were to be tried in North Carolina first, that issue would be settled in a subsequent Oregon proceeding. Because Defendant never took positions that were factually inconsistent, the doctrine of judicial estoppel does not apply.
However, the trial court never actually concluded that Defendant was judicially estopped from making any argument. In its stay order the trial court merely concluded that "[t]he intent of Judge Craig would be frustrated, and the Order previously entered . . . on February 20, 2009 would be circumvented if [Plaintiff] were precluded from pursuing his wage and hour claims in the Oregon Wage and Hour Action by trial of the North Carolina action." The trial court's conclusion simply indicates that the trial court considered other "practical considerations" in determining that substantial justice requires that the court grant Plaintiff's motion to stay.
Accordingly, we hold that the trial court's order granting Plaintiff's motion to stay was not erroneous.
Affirmed.
Judges MCGEE and STEELMAN concur.
Report per Rule 30(e).