Vit FLORIAN, Plaintiff—Appellant,

v.

DANAHER CORPORATION and Snap–On Tools Co., Defendants—Appellees.

No. 02–7057.

United States Court of Appeals, Second Circuit.

June 18, 2003.

---

Richard M. Franchi, Law Office of Richard Franchi, Guilford, CT, for Appellant.

Joel A. Dewey, Piper Rudnick LLP, Baltimore, MD, for Appellee Danaher Corporation.

Allan B. Taylor, Day, Berry & Howard, Hartford, CT, for Appellee Snap–On Tools, Company.

PRESENT: MINER, JACOBS, and CABRANES, Circuit Judges.

*SUMMARY ORDER*

Vit Florian appeals from a judgment entered on November 27, 2001, in the

United States District Court for the District of Connecticut (Droney, *J.*), dismissing his complaint against Danaher Corporation ("Danaher") and Snap–On Tools, Company ("Snap–On") on the basis of *forum non conveniens.*[1]

Florian's principal contention on appeal is that the district court, in considering Danaher's and Snap–On's motion to dismiss, improperly considered facts that are outside the pleadings, affidavits, and documents attached to the motion.

## I.

According to the complaint, Florian, a resident of Calgary, Alberta, Canada, and an employee of Bimac Industries, Ltd. ("Bimac"), a company located in Canada, was injured on April 22, 1997, when a torque wrench he was using at his work site broke into two pieces, propelling Florian backward into a protruding piece of steel. Florian alleges that Snap–On and Danaher (through its subsidiary, the Danaher Tool Group) "manufactured, assembled, sold, leased, designed and/or distributed" the torque wrench. Snap–On is incorporated in Wisconsin, and its principal place of business is in Kenosha, Wisconsin. Danaher is a Delaware corporation, with its principal place of business in Washington, D.C.

Florian originally filed suit in Canada against Snap–On Tools of Canada, Ltd. He discontinued the Canadian suit on January 29, 1999, and then brought this products-liability action in Connecticut Superior Court. Danaher and Snap–On removed it to federal court, and moved to dismiss on the basis of *forum non conveniens,* asserting that Canada was the proper forum. In support, Danaher and Snap–On submitted an affidavit from Anthony Williams, an employee of Danaher Tool Group who investigated Florian's claim while it was pending in Canada. Florian opposed, citing the responses to his requests for admission filed by Danaher and Snap–On.

The district court granted the motion, finding that (1) Canada is an adequate alternative forum, (2) Florian's choice of forum is entitled to less deference because he is a foreign citizen, and (3) the public-interest and private-interest factors identified by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), militate in favor of litigation in Canada. *Florian v. Danaher Corp.,* No. Civ.A. 300CV897(CFD), 2001 WL 1504493 (D.Conn. Nov. 20, 2001).

## II.

"The decision to dismiss a case on *forum non conveniens* grounds 'lies wholly within the broad discretion of the district court and may be overturned only when we believe that discretion has been *clearly abused.*'" *Iragorri v. United Techs. Corp.,* 274 F.3d 65, 72 (2d Cir.2001) (en banc) (quoting *Scottish Air Int'l, Inc. v. British Caledonian Group, PLC,* 81 F.3d 1224, 1232 (2d Cir.1996)). A district court abuses its discretion when "(1) its decision rests on an error of law ... or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukr.,* 311 F.3d 488, 498 (2d

---

1. The judgment was conditioned on Danaher's and Snap–On's consenting to submit to jurisdiction in Canada, and to waive any statute of limitations defense. That consent was given on December 20, 2001, and the judgment thus became final.

Cir.2002) (alteration in original) (internal quotation marks and citation omitted).

Florian does not challenge the district court's conclusion so much as the court's reliance on facts contained outside of Anthony Williams' affidavit. Florian's position is that a district court may not consider any "facts" other than those presented in submitted affidavits and the pleadings. Florian contends that he was deprived of a meaningful opportunity to be heard.

The district court found that "given the number of potential witnesses who are residents of Canada, this [*Gilbert*] factor points towards litigation of this dispute in Canada." *Florian,* 2001 WL 1504493, at *4. Florian emphasizes that Danaher and Snap–On did not submit an affidavit identifying any Canadian witnesses they expected to testify at trial. However, in their memorandum of law in support of the motion to dismiss, they argued that "[v]irtually every fact witness in this case is in Canada, including witnesses to the accident, co-workers and supervisors of the plaintiff, employees of Bimac with personal knowledge of the prior use, maintenance and repair history of the [torque wrench] as well as the emergency and medical personnel who treated plaintiff for his injuries." Florian took the position that his entire case could be proved by calling only himself and Anthony Williams, the Connecticut-based investigator for Danaher Tool Group. According to Florian, the district court simply had no basis to conclude that other Canadian-based witnesses were likely to be called.

In *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), the Supreme Court ruled that defendants seeking dismissal on *forum non conveniens* grounds need not "submit affidavits identifying the witnesses they would call

and the testimony these witnesses would provide if the trial were held in the alternative forum." *Id.* at 258, 102 S.Ct. 252. Such a requirement "would defeat the purpose of their motion." *Id.* All that is required is that the defendants "provide enough information to enable the District Court to balance the parties' interests." *Id.; see also Fitzgerald v. Texaco, Inc.,* 521 F.2d 448, 451 n. 3 (2d Cir.1975) ("[T]he district court in this case [did not] abuse its discretion, on this motion to dismiss for *forum non conveniens,* in failing to require detailed disclosure by the defendants of the names of their proposed witnesses and the substance of their testimony."). Here, the district court quoted this language from *Piper Aircraft* and expressly determined that sufficient information was provided to perform the *Gilbert* analysis. We see no error in this conclusion, nor any abuse of discretion in the district court's decision to dismiss on *forum non conveniens* grounds.

### III.

We have reviewed Florian's remaining arguments and conclude that they lack merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.