**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES R.S. HERBERT and BARBARA ELLIS, | No. 14-15760 |
| Plaintiffs-Appellants, | D.C. No. 1:13-cv-00452-DKW-BMK |
| v. | MEMORANDUM [*] |
| VWR INTERNATIONAL, LLC, a Delaware corporation, successor Sargent-Welch Scientific Company, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted February 21, 2017
Honolulu, Hawaii

Before: KOZINSKI, HAWKINS, and BEA, Circuit Judges.

James Herbert and Barbara Ellis appeal the district court's dismissal of their

claims on the basis of *forum non conveniens*. We have jurisdiction under 28

U.S.C. § 1291 and affirm. Because the parties are familiar with the factual and

procedural history of this case, we repeat only those facts necessary to resolve the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

issues raised on appeal.

Appellant argues that the district court erred in finding that certain private interest factors which are related to witnesses and evidence favored dismissal because there was no evidence in the record specifically identifying witnesses and physical evidence in Indonesia. The Supreme Court and Ninth Circuit have rejected the notion that evidence in the alternative forum must be identified with a high degree of specificity. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981) (a high degree of "detail is not necessary…because many crucial witnesses are located beyond the reach of compulsory process, and thus are difficult to identify or interview. Requiring extensive investigation would defeat the purpose of their motion. Of course, defendants must provide enough information to enable the District Court to balance the parties' interests"); *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1231 (9th Cir. 2011) ("The proponent of a *forum non conveniens* dismissal is not required to identify potentially unavailable witnesses in exact detail." (citing *Piper*, 454 U.S. at 258)); *see also Camejo v. Ocean Drilling & Exploration*, 838 F.2d 1374, 1379-80 (5th Cir. 1988) ("The Supreme Court has held that a moving defendant need not submit overly detailed affidavits to carry its burden, but it 'must provide enough information to enable the district court to balance the parties['] interests.'" (citation omitted)).

The record contained sufficient information to balance the parties' interests

and the district court did not abuse its discretion by drawing illogical or implausible conclusions from the record regarding the probable presence of witnesses and evidence in Indonesia. *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009). An expectation of records located in Indonesia regarding asbestos-containing products used in his school was supported by Herbert's own declaration in which he stated that he would order products through the school administration's office. While Herbert declared that the building in which he taught in Indonesia was demolished, it is undisputed that he lived and worked in Indonesia from 1983 to 1998, where he alleged the asbestos exposure occurred. For this reason, it was neither illogical nor implausible for the district court to expect that documentary and perhaps physical evidence about his former living quarters or from other school buildings constructed using similar materials at around the same time as the now-demolished science building could yield evidence regarding asbestos exposures from sources other than defendant's products. It was neither illogical nor implausible to have expected other school employees or construction workers still in Indonesia to be relevant witnesses as to construction materials or products used at his school. Such witnesses and documentary and physical evidence would likely be the only means by which defendant could prove Herbert's asbestos exposure from products other than defendant's. Taken together, the factual record contained sufficient information for the district court to balance

3

the parties' interests as to the private interest factors and the district court did not abuse its discretion in so doing.

Contrary to appellant's assertions, the district court did not abuse its discretion in weighing certain public interest factors. First, Indonesia has a greater interest in this lawsuit because Herbert's exposure occurred in Indonesia, giving that forum (unlike Hawaii) an interest in deterring and ensuring compensation for injuries that occurred in its territory. Second, Bahasa Indonesian (the official language of Indonesia) will likely be important in this lawsuit, which would burden local courts and juries in Hawaii given their lack of proficiency in this language. Finally, based on evidence in the record and official published data the district court properly found that this civil trial would be resolved more expeditiously in Indonesia than Hawaii.

The district court properly considered each of the public and private interest factors. Because a significant majority of them favor Indonesia over Hawaii, even accounting for the deference owed to the plaintiffs' choice of their home forum, the district court did not abuse its discretion in dismissing this case pursuant to *forum non conveniens*. *See Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 665-66 (9th Cir. 2009).

The pending motion to substitute Barbara Ellis as legal representative of James Herbert's estate in this litigation is GRANTED. Fed. R. App. P. 43.

**AFFIRMED.**

*Herbert v. VWR International*, No. 14-15760

HAWKINS, Circuit Judge, dissenting:

The question before us is whether this case should be tried in Hawaii or Indonesia. Under the applicable test, Plaintiff Herbert's choice of Hawaii deserves substantial deference unless Defendant VWR International establishes "oppressiveness and vexation . . . out of all proportion to plaintiff's convenience" in trying the case there. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1234 (9th Cir. 2011). Offering no proof that any witnesses or evidence exist in Indonesia, VWR fails that test. Indeed, from the point of view of its own convenience, VWR and its very able counsel could defend this case just about anywhere, including Hawaii. I would reverse and remand for further proceedings in district court.