Cardiorentis AG v. IQVIA Ltd., 2018 NCBC 95.

STATE OF NORTH CAROLINA

DURHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 2313

CARDIORENTIS AG,

          Plaintiff,

v.

IQVIA LTD. and IQVIA RDS, INC.,

          Defendants.

**ORDER AND OPINION ON MOTION
FOR JURISDICTIONAL DISCOVERY**

*Robinson, Bradshaw & Hinson, P.A., by J. Dickson Phillips III, Jonathan C. Krisko, and Morgan P. Abbott, and Hogan Lovells US LLP, by Dennis H. Tracey III and Allison M. Wuertz, for Plaintiff Cardiorentis AG.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Charles F. Marshall, Charles E. Coble, and Shepard D. O'Connell, and Cooley LLP, by Michael J. Klisch and Robert T. Cahill, for Defendants IQVIA Ltd. and IQVIA RDS, Inc.*

Conrad, Judge.

1.     Plaintiff Cardiorentis AG is a Swiss biopharmaceutical company. In this lawsuit, Cardiorentis contends that Defendants IQVIA Ltd. ("IQVIA UK") and IQVIA RDS, Inc. ("IQVIA NC") botched a worldwide clinical trial for its new drug. It asserts claims for breach of contract and fraud, among others.

2.     Neither IQVIA UK nor IQVIA NC has answered the complaint. Instead, they jointly moved to stay all proceedings under N.C. Gen. Stat. § 1-75.12 on *forum non conveniens* grounds, arguing that Cardiorentis's claims should be heard, if at all, in England or Switzerland. (ECF No. 19.) IQVIA UK also asked the Court to dismiss the claims against it for lack of personal jurisdiction. (ECF No. 17.)

3.      The question before the Court is whether Cardiorentis may conduct limited discovery before responding to Defendants' forum and jurisdiction-based motions.  Cardiorentis contends that the information it needs to respond to the motions is uniquely within Defendants' possession.  (*See* ECF No. 57.)  It seeks responses to three requests for documents, followed by four depositions (of no more than three hours each).  Defendants contend that courts generally do not permit discovery before hearing *forum non conveniens* motions and that the discovery requested here is overbroad.  (*See* ECF No. 65.)  Cardiorentis's motion for limited discovery has been fully briefed, and the Court held a telephonic hearing on September 10, 2018.  The motion is ripe for determination.

4.      Section 1-75.12 codifies the doctrine of *forum non conveniens*.  The statute gives trial courts the discretion to stay "cases where it is found, on balancing the interest and convenience of the parties, that the action could be better adjudicated in another forum." *Motor Inn Mgmt., Inc. v. Irvin-Fuller Dev. Co.*, 46 N.C. App. 707, 713, 266 S.E.2d 368, 371 (1980).  Relevant factors include the applicable law, convenience of witnesses, access to evidence, local interest, and similar factors. *See id.*

5.      Of the few North Carolina cases deciding motions under section 1-75.12, none squarely addresses whether it is appropriate to allow discovery before hearing the motion.  Defendants point to federal law, which disfavors discovery in analogous circumstances.  The United States Supreme Court, for example, has explained that "[r]equiring extensive investigation would defeat the purpose of [a] motion" to stay or

dismiss for *forum non conveniens*, which is to ensure that defendants are not forced to litigate in an inconvenient forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981). For that reason, federal district courts "do not typically permit discovery before hearing such motions." *Delta Alcohol Distribs. v. Anheuser-Busch Int'l, Inc.*, 28 F. Supp. 3d 682, 687 (E.D. Mich. 2014). So long as the defendant has given enough information to enable the court to balance the parties' interests, federal courts "often will decide the [*forum non conveniens*] issue on affidavits alone." 14D Wright & Miller, Fed. Pract. & Pro. Juris. § 3832; *see also Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) ("Motions to dismiss for forum non conveniens may be decided on the basis of affidavits."); *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 886 (11th Cir. 2018) ("Nor is discovery generally necessary when addressing *forum non conveniens . . . .*").

6. The reasoning of these cases is persuasive. The purpose of section 1-75.12 is to prevent the unfairness and inconvenience that would result from requiring defendants to litigate in North Carolina when a more appropriate forum is available. When the parties have provided affidavits identifying the likely location of witnesses and evidence, further discovery is typically unnecessary. On the other hand, routinely allowing discovery would impose on defendants the very burden that section 1-75.12 is designed to avoid.

7. Applying these principles, the Court concludes that discovery is unnecessary here. In support of their motion to stay, Defendants filed several affidavits. These affidavits identify the principal teams involved with the clinical

trial giving rise to this suit, the locations of hundreds of potential witnesses around the world, and descriptions of the roles of five witnesses identified in the complaint. (*See, e.g.*, Aff. of Aline Ron, ECF No. 20.6.) Defendants also attached copies of the relevant contracts, which they contend are governed by English law. (*See, e.g.*, ECF Nos. 20.3, 20.4.) The Court is satisfied that Defendants' filings have provided enough information to permit an informed decision.

8. By contrast, Cardiorentis's proposed discovery is excessive. Its request to take depositions would be unduly burdensome and expensive. And its requests for documents go well beyond what is needed for the Court to balance the parties' interests. Cardiorentis requests, for example, the names and identities of all employees located in the United States and the United Kingdom who performed services on the clinical trial, including a description of their roles and responsibilities. (Defs.' Mem. Opp. Ex. 1, ECF No. 65.1.) Cardiorentis seeks the same information for supervisors or managers anywhere in the world. This level of "detail is not necessary." *Piper Aircraft*, 454 U.S. at 258; *see also Herbert v. VWR Int'l, LLC*, 686 F. App'x 520, 521 (9th Cir. 2017); *Florian v. Danaher Corp.*, 69 F. App'x 473, 475 (2d Cir. 2003).

9. To be clear, the Court's conclusion that Defendants have supplied enough information at this stage does not mean that their showing is ideal or that they will prevail. As Cardiorentis correctly observes, Defendants' affidavits group witnesses located in England with witnesses based elsewhere in the European Union. By choosing not to identify English witnesses more specifically, Defendants run the

risk of weakening their position (which depends on the relative merits of England and North Carolina as potential forums). Nonetheless, that is not a sufficient reason to grant discovery of the type and scope proposed by Cardiorentis. Thus, the Court will decide Defendants' motion to stay on the basis of the parties' affidavits. *See, e.g.*, *Wachovia Bank v. Deutsche Bank Trust Co. Ams.*, 2006 NCBC LEXIS 10 (N.C. Super. Ct. June 2, 2006) (deciding motion to stay under section 1-75.12 based on parties' affidavits).

10. The remaining question is whether Cardiorentis is entitled to jurisdictional discovery. The decision to grant or deny jurisdictional discovery and the scope of any discovery are matters within the Court's discretion. *See, e.g.*, *Herrera v. Charlotte Sch. of Law, LLC*, 2018 NCBC LEXIS 15, at *20 (N.C. Super. Ct. Feb. 14, 2018). The Court denies the request for three reasons.

11. First, if Cardiorentis is not entitled to forum-related discovery (as the Court has concluded), it should not be able to obtain the same discovery simply by calling it "jurisdictional discovery." That, too, would defeat the purpose of section 1-75.12.

12. Second, the pertinent question for personal jurisdiction is whether IQVIA UK has sufficient minimum contacts with this State "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted). But Cardiorentis's requests aren't tailored to that question. Instead, as noted above, Cardiorentis seeks information about some of Defendants' employees

located in the United States or in the United Kingdom and about other employees located anywhere in the world. (Defs.' Mem. Opp. Ex. 1.)

13. Third, even if the requests were more narrowly tailored, the Court doubts that the resulting discovery would add much value. Cardiorentis's theory of personal jurisdiction does not turn on IQVIA UK's own contacts with North Carolina. Rather, Cardiorentis contends that the acts of IQVIA NC should be imputed to IQVIA UK on an agency theory. (*See* Pl.'s Reply Br. 3, ECF No. 66.) Cardiorentis bases this argument on language in one of the relevant contracts. And in other filings, Cardiorentis has identified at least ten relevant employees of IQVIA NC, their roles in the clinical trial, and the locations where they performed their duties. This includes some of the employees affiliated with the Clinical Event Validation and Adjudication system (one of Cardiorentis's proposed discovery topics), all of whom Defendants admit are located in North Carolina. It is unclear whether discovery would do anything other than provide cumulative evidence on these points.

14. That said, the Court elects to deny the request for jurisdictional discovery without prejudice. Full briefing on the personal-jurisdiction motion may clarify matters, and Cardiorentis is permitted to renew its request for jurisdictional discovery in its opposition to that motion. In the event the Court denies Defendants' motion for a stay under section 1-75.12, it may revisit the issue of jurisdictional discovery based on a more complete record.

15. The Court therefore **DENIES** Cardiorentis's motion for forum-related discovery and **DENIES** without prejudice its motion for jurisdictional discovery.

This the 14th day of September, 2018.

/s/ Adam M. Conrad  
Adam M. Conrad  
Special Superior Court Judge  
 for Complex Business Cases
